IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                                                              **CR 11-2294 RB**

**TERRI REESE,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Terri Reese's Appeal from Magistrate Judge's Detention Order Pending Trial, (Doc. 92). Briefing is complete. The Court held a hearing on this matter on February 8, 2012. Having considered the submissions of counsel, the record, and relevant law, the Court grants the appeal and orders Terri Reese released to a halfway house, subject to the conditions discussed herein.

**I.    Background**

Terri Reese is charged with conspiracy to make false statements in connection with the acquisition and smuggling of firearms from the United States, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and a money laundering conspiracy. (Doc. 2). After a detention hearing, United States Magistrate Judge Gregory B. Wormuth determined that Terri Reese was a flight risk and ordered her detained pending trial. (Docs. 33 & 47). Terri Reese has appealed the detention order, stating that she anticipates vindication at trial, she desires to actively assist in preparing her defense, and she and her parents-in-law offer a substantial parcel of real property to secure a bond. (Doc. 92). The United States opposes the appeal, insisting that Terri Reese is a flight risk because she faces a lengthy prison

sentence if she is convicted, she is facing civil forfeiture of her assets, and her mother-in-law would be an unsuitable third-party custodian. (Doc. 99).

**II.     Standard**

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "The motion should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003). The standard of review is *de novo*. *See id.* at 616 n. 1.

**III.    Discussion**

The court must determine whether there is any condition or combination of conditions of release that will reasonably assure the appearance of Terri Reese as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). It bears underscoring that a defendant is entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." 18 U.S.C. § 3142(e). The United States must prove risk of flight by a preponderance of the evidence, *see Cisneros*, 328 F.3d at 617, and it must prove dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f). The burden of persuasion always remains with the United States. *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D. Kan. 2002).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and community, the court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the

weight of the evidence against the defendant; (3) the defendant's history and characteristics, including, *inter alia*, family and community ties as well as criminal history; and, (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g)(1-4). The court must impose the least restrictive condition or combination of conditions to reasonably assure the defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B).

This is an extremely close call. However, the Court concludes, after carefully considering both the evidence presented and the factors set forth in 18 U.S.C. § 3142(g)(1-4), that further pretrial detention of Terri Reese is not warranted. Undoubtedly, the nature and circumstances of the offense and the weight of the evidence are factors favoring detention. Terri Reese is charged with serious offenses and the government suggests significant evidence against her. Nonetheless, her history and characteristics weigh in favor of release. Terri Reese is a long-time resident of Deming, New Mexico. While she made sporadic day trips to Mexico to buy medication and to undergo dental procedures, she has no family, friends, or other ties in Mexico. Her husband and only children are detained pending trial. Terri Reese owns a business, as well as substantial real and personal property, that are the subject of a civil forfeiture action filed by the United States. While she also owns an interest in real property that is not the subject of the forfeiture action, the majority of her personal assets are tied up and unavailable to finance a flight from prosecution. Terri Reese has no criminal record and no history of substance abuse problems.

In the context of the third factor, the defendant's history and characteristics, *see* 18 U.S.C. § 3142(g)(3), the United States relies on the charges in the Indictment and the potential penalty as evidence that militates in favor of detention. (Doc. 99 at 9-10). Such reliance is misplaced. The

circumstances of the offense and the weight of the evidence are included in the calculus under the first two factors. *See* 18 U.S.C. § 3142(g)(1)&(2). The third factor directs the Court to evaluate the defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). In that the charges and the potential penalty are unrelated to her history and characteristics, the Court declines to include these factors in its assessment of her history and characteristics. The United States maintains that it matters not that Terri Reese is a mother and a conservative woman of faith. (Doc. 99 at 10). The Court disagrees. Terri Reese's socioeconomic background, gender, age, and family ties are part and parcel of her personal characteristics and must be considered in accordance with 18 U.S.C. § 3142(g)(3) (specifying for consideration "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."). Her gender, age, and maternal status distinguish Terri Reese from her co-defendants. The Court finds it unlikely that this forty-nine-year-old conservative mother would flee when her husband and only children are in pretrial detention. The fact that most of her financial assets have been seized further erodes the risk of flight. As Terri Reese did the paperwork for the family business, she is in a particularly good position to assist her attorneys in preparing for trial, which represents her and her family's only opportunity for vindication.

The United States contends that Terri Reese is a danger to the community because a large cache of guns was seized from her residence. In that Terri Reese and her husband were federally-licensed gun dealers, it is not surprising that they kept firearms at their residence. The firearms have been seized and they are therefore inaccessible to Terri Reese. Although she is charged with serious crimes involving firearms, Terri Reese did not personally engage in violent conduct. Indeed, in

4

contrast to her husband, the United States has proffered no inflammatory statements from Terri Reese. The United States has not met its respective burdens to show that Terri Reese is a flight risk or a danger to any other person or the community. *See Cisneros*, 328 F.3d at 617 (explaining that the United States must prove risk of flight by a preponderance of the evidence); 18 U.S.C. § 3142(f) (providing that the United States must prove dangerousness by clear and convincing evidence.).

Notably, Judge Wormuth did not find that Terri Reese was a danger to any person or the community. This Court concurs with Judge Wormuth's finding as to dangerousness. Judge Wormuth ordered detention based on risk of flight. (Doc. 33.) At that time, Judge Wormuth made the correct decision. However, Terri Reese and her family have now offered to post a substantial bond secured by 378 acres of real property owned by Black Range Investments, LLC, (whose members are Terri Reese, Rick Reese, Marjorie Reese Stewart, and Jack Stewart). (Doc. 92 at 21). Defense counsel has requested that Terri Reese reside in a halfway house in Albuquerque, New Mexico[1] in order to assist in preparing her defense. The combination of the substantial collateral and the residence at a halfway house in Albuquerque allays the Court's concerns about flight.

On balance, the Court believes, at least at this time, that the following pretrial conditions of release will reasonably assure Terri Reese's appearance at future court proceedings: (1) Terri Reese must post a $100,000 bond co-signed by her parents-in-law and secured by the real property owned by Black Range Investments, LLC; (2) Terri Reese must provide an informal appraisal from a

---

[1] Terri Reese suggested that she live at the home of her parents-in-law in Kingston, New Mexico. (Doc. 92). The United States objected to this arrangement, in part due to the fact that her mother-in-law, Marjorie Reese Stewart, had been convicted, very recently, of simple assault in this district. *See United States v. Marjorie Reese Stewart*, 11po2063 WPL. (Doc. 99). In her reply brief and at the hearing of February 8, 2012, Terri Reese proposed that she reside at an Albuquerque halfway house near defense counsel's office. (Doc. 101). In that Terri Reese no longer requests to live at her parents-in-law house, the Court does not address the suitability of Marjorie Reese Stewart as a third-party custodian.

disinterested third party and a title search showing sufficient equity in the real property to secure the bond; (3) Pretrial Services supervision; (4) Terri Reese is released to the third-party custody of La Pasada Halfway House, 2206 4th Street NW, Albuquerque, New Mexico, (505) 242-4676 with GPS monitoring; (5) her travel is restricted to Bernalillo County, New Mexico, with direct travel to Las Cruces, New Mexico, for court appearances; (6) Pretrial Services is authorized to expand her travel range within the State of New Mexico, if such travel becomes necessary; (7) no travel to Mexico; (8) Terri Reese must surrender her passport to Pretrial Services and she must not apply for a new passport; (9) Terri Reese must maintain or actively seek employment; (10) Terri Reese must refrain from any use of alcohol; (11) Terri Reese must refrain from possession or use of narcotic drugs or controlled substances, as defined by 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; (12) Terri Reese must submit to alcohol and/or drug testing and treatment at the discretion of Pretrial Services; (13) Terri Reese must not incur any new lines of credit; (14) Terri Reese must sign an authorization to release financial information to Pretrial Services; (15) prior to accepting any form of employment, Terri Reese must receive approval from the United States Probation Office; (16) Terri Reese must not be employed in any position of fiduciary responsibility; and, (17) Terri Reese must refrain from possessing a firearm, destructive device, or other dangerous weapon.

Given my hesitance to impose conditions, the Court will not tolerate any violation thereof. Should Terri Reese decide to ignore these admonitions, she will find herself facing a revocation hearing before a Court that is very receptive to reimposing pretrial detention.

**THEREFORE,**

**IT IS ORDERED** that Defendant Terri Reese's Appeal from Magistrate Judge's Detention

Order Pending Trial, (Doc. 92), is **GRANTED**, and the Court orders Terri Reese released to a halfway house, subject to the conditions discussed herein.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**