**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                                                                                                        **CR 11-2294 RB**

**TERRI REESE, RICK REESE, and
RYIN REESE,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Terri Reese's Motion to Release Assets, (Doc. 109). Defendants Rick Reese and Ryin Reese have filed notices of joinder in this Motion.[1] Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court denies this Motion.

**I.     Background**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged by Indictment with conspiracy, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and money laundering conspiracy. (Doc. 2). The Indictment includes forfeiture allegations providing that, if they are convicted, Defendants must forfeit, *inter alia*, their interest in all firearms and ammunition involved in those offenses, the

---

[1] The United States has challenged the standing of Rick Reese and Ryin Reese to join in this Motion. In that the Indictment states that the assets were seized from all four Defendants, the Court finds that Rick Reese and Ryin Reese have standing for purposes of this Motion. *See, e.g., United States v. Hooper*, 229 F.3d 818, 820 n. 4 (9th Cir.2000) (where wives of defendants whose property had been forfeited in connection with drug offenses challenged the forfeiture, there was "no dispute that [the wives] had Article III standing to file their petitions and challenge the forfeitures").

proceeds of the offenses, and the property used to facilitate the crimes, including the assets of New Deal Shooting Sports and real property located at 6600 Ventura Road SE, Deming, New Mexico, pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a), 19 U.S.C. § 1595a(d), and 28 U.S.C. § 2461(c). (Doc. 2).

On August 26, 2011, United States Magistrate Judge William P. Lynch issued seizure warrants based on probable cause that authorized federal law enforcement officers to seize assets belonging to Old Ironsides, LLC, d/b/a New Deal Shooting Sports, owned by Rick Reese and located at 6600 Ventura Road SE, as well as funds from a bank account held in the name of Old Ironsides, LLC, d/b/a New Deal Shooting. *See In the Matter of the Seizure Warrants* numbered 11-577 MR and 11-578 MR. On December 19, 2011, the Government filed a Verified Complaint for Forfeiture *In Rem* against the same assets and based on the same grounds for forfeiture as listed in the Indictment and several additional legal grounds. *See United States v. Real Property at 6600 & 6560 Ventura Rd. SE and 6545 El Portal Rd. SE in Deming, NM, et al.*, CIV 11-1109 RB/LFG.

Rick Reese, Terri Reese, and Ryin Reese, (hereinafter "Defendants") move to release these assets to allow them to pay private counsel and for fees and expenses. The Government opposes the Motion on the grounds that Defendants have failed to show that the seized assets are necessary to pay legal fees and expenses or that the grand jury erred in determining probable cause supported a finding that the seized assets are subject to forfeiture upon conviction.

**II.    Discussion**

The Supreme Court has held that criminal defendants have no Sixth Amendment right to use property subject to forfeiture to retain counsel. *See Caplin & Drysdale v. United States*, 491 U.S. 617, 624-33 (1989). As long as the assets are restrained based upon a finding of probable cause that

they are subject to forfeiture, the "pre-trial restraint of a criminal defendant's assets does not violate the Constitution." *United States v. Farmer*, 274 F.3d 800, 802-03 (4th Cir. 2001) (*citing United States v. Monsanto*, 491 U.S. 600, 615-16 (1989)). Because forfeiture allegations in an indictment reflect the grand jury's finding of probable cause to believe that the subject property will be subject to forfeiture upon conviction, pretrial restraint of such property does not violate defendants' Sixth Amendment right to counsel.[2]

Nonetheless, under certain circumstances, criminal defendants have a constitutional right to use non-forfeitable property to retain private counsel of their choice. *See Farmer*, 274 F.3d at 804. When criminal defendants challenge the restraint of assets and request a pre-trial hearing, the Court may grant a limited hearing, but only if the defendants make a threshold showing that the defendants are completely unable to afford counsel without resort to the restrained assets. *United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998) (finding that "a post-restraint pre-trial hearing is required only upon a properly supported motion by defendant[s]."); *accord United States v. Jamieson*, 427 F.3d 394, 406 n. 3 (6th Cir. 2005) (collecting cases). If criminal defendants fail to make this initial showing, then their private interests in obtaining their counsel of choice are outweighed by the government's interests, including the government's significant interest in preserving forfeitable assets. *See Jones*, 160 F.3d at 645-47 (applying the three-factor due process balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976)).

In our case, Defendants have not established the threshold showing required for a hearing. Although Terri Reese submitted two affidavits in support of her claim that she is unable to pay

---

[2] Initially, Defendants were represented by counsel appointed under the Criminal Justice Act. *See* 18 U.S.C. § 3006A. In October-December, 2011, retained counsel substituted for appointed counsel.

defense counsel without the restrained assets, (Docs. 109-1 & 146-1), her affidavits are insufficient to discharge her burden to make a threshold showing that Defendants are precluded from hiring counsel. Notably, a defendant seeking a hearing must provide tangible evidence supporting the claim that the seized funds are needed to retain counsel. *See United States v. Dupree*, 781 F. Supp. 2d 115, 142 (E.D. N.Y. 2011) (describing an affidavit submitted by a defendant that specified his assets, liabilities, and net worth). The affidavits submitted by Terri Reese neither detail her assets and liabilities nor provide a meaningful basis for the Court to independently judge her assertion that Defendants lack the ability to pay defense counsel. To the contrary, Defendants have retained a cadre of well-respected defense attorneys. Terri Reese recently posted a real property bond. Defendants' relatives are willing and able to assist Defendants financially. The Government has submitted an affidavit specifying the property and merchandise that was not seized from Defendants. Defendants' supporters have established a legal defense fund to pay Defendants' legal expenses. In sum, Defendants have not demonstrated to the Court's satisfaction that they have no assets, other than those restrained, with which to retain private counsel and pay their expenses. *See Jones*, 160 F.3d at 647.

    **THEREFORE,**

    **IT IS ORDERED** that Defendant Terri Reese's Motion to Release Assets, (Doc. 109), is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**