IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                            No. CR 11-2294 RB

**RICK REESE, TERRI REESE,
RYIN REESE, and REMINGTON REESE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Ryin Reese's Motion to Suppress Post-Arrest Statements Under the Fifth and Sixth Amendments to the Constitution and for Production of Agent Rough Notes, (Doc. 177). Defendant Terri Reese has joined in this Motion. Briefing is complete. A hearing was held on July 12, 2012. Having considered the evidence adduced at the hearing, the submissions of counsel, the court record, arguments of counsel, and being otherwise fully advised, the Court denies this Motion.

**I.     Background**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged by Indictment with conspiracy to illegally export firearms and ammunition from the United States and to make false statements in connection with the acquisition of firearms, and conspiracy to commit money laundering. Rick Reese and Terri Reese are the parents of Ryin Reese and Remington Reese. Rick Reese, Terri Reese, Ryin Reese, and Remington Reese operated New Deal Shooting Sports, a gun store near Deming, New Mexico.

Defendant Ryin Reese moves to suppress his post-arrest statements under the Fifth and Sixth Amendments to the Constitution, and for production of the Agents' rough notes of the

interviews.  Defendant Terri Reese has joined in this motion.  More specifically, Ryin Reese requests a hearing to determine whether he knowingly, voluntarily, and intelligently waived his *Miranda* rights and his right to counsel prior to making the statements on August 30 & 31, 2011. The United States responds that a hearing is unnecessary and that the *Miranda* waiver was made freely and voluntarily.  Additionally, the United States does not intend to introduce the statement of August 31, 2011; and the rough notes were disclosed to Defendants on May 17, 2011.

**II.    Facts**

At the suppression hearing, held on July 12, 2012, the United States called Homeland Security Investigations (HSI) Special Agent (SA) Nelson Miller to testify and introduced Government's Exhibit A, a U.S. Immigration and Customs Enforcement Statement of Rights and Waiver Form signed by Ryin Reese.

On August 30, 2011, at about 8:15 a.m., Ryin Reese was arrested at the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Office in Las Cruces, New Mexico based on a warrant.  The Reese family had come into the ATF office on an administrative matter and they were taken into custody.  SA Miller and HSI Special Agent (SA) Joshua Smalley interviewed Ryin Reese about his involvement with New Deal Shooting Sports.  The interview took place in a room adjoining the break area of the ATF office.  The room measured about fifteen feet by fifteen feet.  The room had an eight foot ceiling and one door.  The room was well-lighted and contained a table, chairs, and some cabinets.  Throughout the interview, other agents were in and out of the room.  Ryin Reese was handcuffed and positioned facing the door, with SA Miller and SA Smalley between Ryin Reese and the door.  Both SA Miller and SA Smalley were dressed in civilian attire; SA Miller wore jeans, boots, and a shirt.  Both agents had concealed weapons. SA Miller had a gun tucked in the back of his pants with his shirt over it.  SA Miller was not able to

see where SA Smalley's weapon was concealed.

Ryin Reese was extremely polite and seemed a little confused about why he had been arrested. Ryin Reese understood what was said to him; he had no problems with perception and his speech was coherent. SA Miller showed Ryin Reese the Indictment and went over it with Ryin Reese in general terms. Ryin Reese had a lot of questions about the charges. This initial exchange took between five and ten minutes

SA Miller read Ryin Reese his Miranda rights from a U.S. Immigration and Customs Enforcement Statement of Rights and Waiver Form. (Govt. Ex. A). Ryin Reese read the form and waiver along with SA Miller. Ryin Reese did not have any questions about his rights or the waiver of his rights. The agents temporarily removed the handcuffs from Ryin Reese so he could sign the waiver form. Ryin Reese signed the waiver form and SA Miller and SA Smalley signed the spaces for witnesses. SA Miller and SA Smalley interviewed Ryin Reese for about an hour and then gave Ryin Reese a break for food and the restroom. After the break, SA Miller and SA Smalley reconvened the interview for about another hour and concluded about 10:50 a.m. The entire interview process lasted approximately two and a half hours. After the interview concluded, Ryin Reese was transported to the detention center before lunchtime.

Ryin Reese never indicated that he did not understand his rights. Ryin Reese never requested an attorney. Ryin Reese never indicated that he did not want to talk to the agents. SA Miller and SA Smalley never used force or threats against Ryin Reese. SA Miller and SA Smalley offered Ryin Reese food and water and allowed Ryin Reese to visit the restroom.

On August 31, 2011, HSI Special Agents Lawrence Horgan and Joshua Smalley spoke with Ryin at the Doña Ana County Detention Center about whether there were any clandestine bunkers at the Reese property in Deming and to obtain more information about the Reese

property in Kingston, New Mexico.

### III.    Discussion

A waiver of *Miranda* rights must be made "voluntarily, knowingly, and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  When a defendant claims that a statement was obtained in violation of *Miranda*, the government has the burden of proving, by a preponderance of the evidence, that a valid waiver was executed.  *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986); *United States v. Burson*, 531 F.3d 1254, 1256 (10th Cir. 2008).

The "inquiry into a waiver's validity has two dimensions." *United States v. Smith*, 606 F.3d 1270, 1276 (10th Cir. 2010).  First, "the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412, 421 (1986).  Second, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.*  "Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Smith*, 606 F.3d at 1276.  *See also Smith v. Mullin*, 379 F.3d 919, 932 (10th Cir. 2004); *United States v. Morris*, 287 F.3d 985, 989 (10th Cir. 2002).

Voluntariness depends upon an assessment of "the totality of all the surrounding circumstances," including "both the characteristics of the defendant and the details of the interrogation." *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).  Relevant factors include: the suspect's age, intelligence, and education; whether the suspect was informed of his rights; the length and nature of the suspect's detention and interrogation; and the use or threat of physical force against the suspect.  *See United States v. Smith*, 606 F.3d at 1276.  The same factors are

assessed in determining whether a confession was voluntarily given. *Id*.

Ryin Reese was informed of his rights and understood them. The waiver was knowing and voluntary under the totality of the circumstances. Ryin Reese was not subjected to threats, coercion, or physical deprivation or punishment. There was no evidence presented that the age, intelligence, or education of Ryin Reese affected the voluntariness of the statements. Ryin Reese was sober and coherent. The detention was not inordinately long. None of the evidence indicates that the statements were obtained by government acts, threats, or promises that permitted Ryin Reese's will to be overborne. The waiver was knowing and voluntary and the statement was fully voluntary.

As the United States does not intend to use Ryin Reese's statement of August 31, 2012 at trial, and rough notes were disclosed on May 17, 2012, the Motion is moot as to these matters.

**THEREFORE,**

**IT IS ORDERED** that Defendant Ryin Reese's Motion to Suppress Post-Arrest Statements Under the Fifth and Sixth Amendments to the Constitution and for Production of Agent Rough Notes, (Doc. 177), is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**