IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

vs.                                                                                                     11-cr-02294-RB

RICK REESE, TERRI REESE, et al.,

    Defendants.

## DEFENDANT TERRI REESE'S MOTION FOR DISCLOSURE OF EXHIBITS, AND EXTENSION OF TIME TO RESPOND TO PRE-SENTENCE REPORT

Defendant Terri Reese, by and through her attorneys of record, moves the Court for an Order allowing more time to respond to the Pre-Sentence Report that was received November 28th, 2012, until after review of exhibits referenced in Doc. 372, and as grounds, states:

1. On November 28, 2012, a PSR draft was provided to Terri Reese, who is not in custody, through undersigned counsel.

2. On November 29, 2012, counsel was informed of alleged constitutional violations arising from non-compliance with discovery obligations under *Giglio v. U.S.*, 405 U.S. 150 (1972). Inexplicably, material known during trial is now being disclosed four months post-trial.

3. Most of the PSR draft dwells on theories of conduct by Terri Reese, her family members, and by government witnesses that were rejected by the jury. The rejection of those theories of conduct fed 29 acquittals of the 30-count indictment. Terri Reese was convicted of one count of a forms violation related to a Form 4473

   filled out by a government undercover agent.

4. In addition, and of concern for the instant motion, the PSR draft relies repeatedly on testimony of a government witness who is the subject of the alleged *Giglio* violations, and the PSR draft even proposes enhancements based on Defendant's interaction with the witness.

5. The late disclosure received on November 29th, 2012, was in the form of a copy of an earlier filed *ex parte* motion, which references exhibit attachments 1-7. The government motion (Doc 372 at pp. 6-7) acknowledges that Defendant may wish to use said exhibits and attachments for sentencing arguments, requests that Defendant be barred from reproducing the disclosed material to anyone beyond sentencing needs, and asks that the Defendant return the disclosed material after its proper use for sentencing or appeal.

6. In Doc. 373, the Court references 126 pages of attachments, imposes the limitations of disclosure requested by the government, and asks for defense motion(s) for additional disclosures within 14 days.

7. However, the government's disclosure of November 29, 2012, did not contain any of the 126 pages of exhibits. Defendant will not know what else to consider asking for as contemplated by the Court until the motion's exhibits are first reviewed.

8. In addition, the PSR draft received by counsel included a copy of a General Order pursuant to Rule 32 of the Federal Rules of Criminal Procedure, that counsel provide the USPO written objections to the PSR draft within ten days, and that USPO then should review the objections, further investigate, and make revisions. This process is dependent in this case on, among other things, information contained in the

alleged *Giglio* violations, which the government has not produced. The PSR process is stymied at this point.

9. On December 3, 2012, counsel for Terri Reese, Pete Domenici, Jr., telephonically asked the prosecution to produce the exhibits and materials obviously related to sentencing, and for an extension of time for Terri Reese to respond to the PSR draft to facilitate further PSR pre-sentencing investigation. The government declined to produce the exhibits pursuant to counsel's request, and opposes any extension of time to respond to the PSR draft.

Wherefore, for the foregoing reasons, Defendant requests an Order requiring disclosure of all exhibits referenced in Doc. 372, and an extension of time to respond to the PSR draft until after review of all non-disclosed *Giglio* materials.

LAW OFFICE OF BRAD D. HALL

*/s/ Electronically Filed 12/06/2012*
BRAD D. HALL
320 Gold Ave SW #1218
Albuquerque, NM 87102
(505) 255-6300, Fax: 255-6323
brad@bhallfirm.com

Peter V. Domenici, Jr.
Domenici Law Firm PC
320 Gold Av SW #1000
Albuquerque, NM 87102
(505) 883-6250, Fax: 884-3424
pdominici@domenicilaw.com

I certify that the foregoing was entered into the Court's CM/ECF system, which should cause all counsel of record to be served electronically on this 6th day of December, 2012.

/s/ Brad D. Hall